921 F.2d 278
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Thomas J. ROEHL, Defendant-Appellant.
 No. 89-2889.
 United States Court of Appeals, Seventh Circuit.
 Argued Nov. 5, 1990.
Decided Nov. 5, 1990.
 
 1
 Before POSNER and KANNE, Circuit Judges, and JOSEPH T. SNEED,* Senior Circuit Judge.
 
 ORDER
 
 2
 Thomas Roehl was charged in a one-count indictment with possession of firearms in violation of 18 U.S.C. Sec. 922(g). An "Information to Superceding Indictment" was submitted to invoke the enhanced penalty provisions of 18 U.S.C. Sec. 924(e). Roehl had previously been convicted of three felonies. A jury found Roehl guilty, and the court imposed the mandatory 15 year sentence pursuant to Sec. 924(e)(1) based on the three prior felony convictions. Roehl appeals the conviction under Sec. 922(g) and the application of Sec. 924(e) during his sentencing. We affirm.
 
 
 3
 The defendant's first argument on appeal is that the evidence was not sufficient to support conviction for possession of a firearm. The standard of review for questions of this kind is clear. The court shall "review all the evidence and all the reasonable inferences that can be drawn from the evidence in the light most favorable to the government." United States v. Durrive, 902 F.2d 1221, 1225 (7th Cir.1990) (quoting United States v. Nesbitt, 852 F.2d 1502, 1509 (7th Cir.1988), cert. denied, 488 U.S. 1015, 109 S.Ct. 808 (1989) (quoting United States v. Pritchard, 745 F.2d 1112, 1122 (7th Cir.1984))). The test to be applied by this court is whether the essential elements of the crime could have been found beyond a reasonable doubt by any rational trier of fact. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789 (1979); United States v. Garrett, 903 F.2d 1105, 1109 (7th Cir.1990). This court may overturn a verdict "only when the record is devoid of any evidence, regardless of how it is weighed, from which a jury could find guilt beyond a reasonable doubt." Durrive, 902 F.2d at 1225 (citing United States v. Grier, 866 F.2d 908, 923 (7th Cir.1989) and Nesbitt, 852 F.2d at 1509).
 
 
 4
 There was plenty of circumstantial evidence which, when viewed in the light most favorable to the government, supports the conviction. The handgun was found in close proximity to Roehl's wallet, cigarettes, lighter and boots. All of these items were found on a mattress lying on the floor of the room in which Roehl and his wife were staying at the Outlaws motorcycle gang clubhouse in Milwaukee. Roehl and his wife slept in the room where the mattress was located, either on the couch or on the mattress itself. Roehl was on duty during his stay at the clubhouse, and he testified that one of the purposes of this duty was to protect the valuable property kept in the clubhouse. He told an IRS agent involved in executing the search warrant that his boots were in the mattress area, which is where the gun was found. There was testimony presented by defense witnesses that contradicted some of these events, but there were other inconsistencies in the defense witnesses' testimony. This court has regularly held that credibility determinations are for the jury. United States v. Fozo, 904 F.2d 1166 (7th Cir.1990). There was sufficient circumstantial evidence from which a rational trier of fact could conclude that Roehl either constructively or actually possessed the firearm.
 
 
 5
 The defendant's second argument is that the indictment was duplicitous. If so, there may not have been a unanimous verdict. Aside from the fact that this objection was not raised at trial, any potential harm was avoided by the trial judge's jury instruction regarding possession of the firearm. Judge Curran included this statement in his instructions to the jury:
 
 
 6
 The indictment charges the defendant with the knowing possession of five separate firearms. However, the law requires only that the government prove that the defendant possessed on[e] firearm. Therefore you must convict the defendant if you are persuaded beyond a reasonable doubt that he knowingly possessed only one firearm. However, you must all agree unanimously as to which one of the firearms you believe he possessed.
 
 
 7
 Five firearms found in one room are not necessarily stored separately for purposes of constituting more than a single offense under 18 U.S.C. Sec. 922(g). Four of the firearms were stored in the cabinet behind the bar. While the handgun was found on the mattress, this is not sufficient evidence to conclude that it was stored separately. The jury instruction cleared up any confusion that might have resulted from having charged possession of five guns in one count. The indictment was not duplicitous, and the verdict was unanimous.
 
 
 8
 The third argument centered on the two-point adjustment for obstruction in the presentence report prepared under the Sentencing Guidelines. The defendant argued that the adjustment was improper because it was not shown that the defendant had any involvement in providing false testimony, which the report cited as the reason for the adjustment. This argument carries no weight because the defendant was not sentenced under the Guidelines. The defendant was given the 15 year mandatory sentence pursuant to Sec. 924(e)(1). The Guideline range was calculated only to determine whether it would result in a sentence greater than the 15 year mandatory sentence. It did not, and the defendant was properly sentenced under the penalty enhancement provision of Sec. 924(e).
 
 
 9
 One other argument made by the defendant is that burglary of an unoccupied commercial building is not a "violent felony" sufficient to invoke the enhanced penalty provisions of Sec. 924(e) after conviction under Sec. 922(g). The defendant was convicted of such a burglary in 1966, and the conviction was used as one of the predicate offenses under Sec. 924(e). This argument was made by the defendant in the face of circuit precedent, see United States v. Dombrowski, 877 F.2d 520 (7th Cir.1989), cert. denied, --- U.S. ----, 110 S.Ct. 2592 (1990), with the understanding that the United States Supreme Court had heard oral argument in a case involving the same issue. The subsequent Supreme Court opinion in Taylor v. United States, --- U.S. ----, 110 S.Ct. 2143 (1990), clarified the meaning of burglary as used in Sec. 924(e).
 
 
 10
 The Supreme Court concluded that the definition of "burglary" as that word is used in 18 U.S.C. Sec. 924(e) was not limited to burglaries involving a serious risk of injury to a person. Instead, the Court concluded that "a person has been convicted of burglary for purposes of a Sec. 924(e) enhancement if he is convicted of any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." Taylor, --- U.S. at ----, 110 S.Ct. at 2158. The Court refused to adopt the common-law definition of burglary. Id. at ----, 110 S.Ct. at 2156. The Court also did not agree with the defendant's assertion that because Congress deleted a definition from a previously enacted version of the statute, it could not intend that definition to remain applicable. "Although the omission of a pre-existing definition of a term often indicates Congress' intent to reject that definition ... we draw no such inference here." Id. at ----, 110 S.Ct. at 2154 (citations omitted). The Court specifically addressed and rejected the arguments Roehl makes regarding the use of his burglary conviction as a predicate offense for purposes of a Sec. 924(e) enhancement. We therefore hold in light of Dombrowski and Taylor that the burglary of which Roehl was convicted is within the definition of "violent felony" as that term is used in Sec. 924(e).
 
 
 11
 For the foregoing reasons, the conviction and sentence of the defendant are AFFIRMED.
 
 
 
 *
 Hon. Joseph T. Sneed, of the Ninth Circuit, is sitting by designation